### 10410

#### PALMETTO GUANO CORPORATION v. McCORMICK.
##### (103 S. E. 482.)

APPEAL AND ERROR—EXCLUSION OF EVIDENCE AS TO ANALYSIS OF FERTI-
LIZER, HARMLESS IN VIEW OF SMALL QUANTITY ANALYZED.—In an
action for the purchase price of 32 tons of commercial fertilizer,
which were to contain 3 per cent. of ammonia, where defendant
asserted the ammonia content was insufficient, and that ammonia
present was noxious, the exclusion of testimony of expert that one
pound of fertilizer contained only 2.7 per cent. which showed a
leather product, was at least harmless, there being no showing that
the pound was taken from the fertilizer sold, the deficiency in
ammonia contained being immaterial, and there being nothing in
the offered testimony of the expert that showed the ammonia present
was noxious.

Before BOWMAN, J., Orangeburg, June term, 1919. Affirmed.

Action by Palmetto Guano Corporation against J. D. McCormick on a note given for the purchase price of commercial fertilizer. From refusal to sustain demurrer as to certain defenses, plaintiff appeals. From a directed verdict for plaintiff, defendant appeals.

*Messrs. J. S. Salley* and *M. E. Zeigler* cite: *Sections 2315-2330 I Civil Code do not make analysis by Clemson College chemist exclusive proof. Contents must be shown*

*by analysis:* 104 S. C. 125; 185 Ark. 433. *Fraud is proper defense in suit on fertilizer notes:* 98 S. E. 327 (Va.). *Error to exclude testimony of chemist as to contents:* 20 S. C. 430; 97 S. C. 358; 39 S. C. 69. *Fraud properly plead:* 99 S. C. 395; 79 S. C. 205. *Defense in answer sufficient denial of certain allegations of complaint:* 61 S. C. 16; 85 S. C. 486; 20 S. C. 432. *Demurrer improper:* 97 S. C. 394.

*Messrs. Adam H. Moss* and *T. M. Raysor,* for respondent, cite: *On plaintiff's exceptions: Fraud must be alleged:* 58 S. C. 59; *and it must be actionable fraud:* 78 S. C. 486; 62 S. C. 49; 99 S. C. 396; 50 S. C. 400. *Party having the signed contract can not allege misrepresentation made by agent, when he knew any representations by agent would not be binding on either party:* 108 S. C. 417. *Where statute provided a new remedy it must be followed to the exclusion of existing remedies:* 15 S. C. 548; 97 S. C. 361; A. & E. Enc. of Law, vol. VII, page 639. *Contract embodies law covering such contracts as if stipulated in express terms:* 84 S. C. 256. *On appellant's exceptions: Certificate from Clemson College exclusive proof:* 175 N. C. 398; 171 N. C. 775; sec. 2327, I Civil Code; 173 Ky. 820; 98 S. C. 327. *Vendor and vendee cannot waive a public law:* 97 S. C. 358; 104 S. C. 125 · 81 Ga. 158; 7 S. E. 640; 68 Fla. 12; 65 So. 868.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is on a note given for the purchase price of 32 tons of commercial fertilizers.

The answer alleged that the ammonia content of the fertilizer was only 2.7 per cent., when the contract was for a 3 per cent. ammonia, and that the ammonia present was noxious because it was derived from a leather product.

The Court directed a verdict for the plaintiff, and the defendant has appealed.

There is a single exception by the defendant, amplified into six subdivisions, but they are all directed to the one action by the Court. That action was this: The defendant offered testimony of· the expert witness named Rice to prove that one pound of fertilizer sent to the witness by the defendant contained only 2.7 per cent. of ammonia, that the ammonia contained a leather product, and that the ammonia was probably derived from a leather product.

The testimony was objected to by the plaintiff's counsel "on the ground that it is irrelevant and cannot be admitted for the reason that it attempts to do away with the statute law of South Carolina;" and after reading the statutes the Court excluded the testimony.

The defendant offered no other testimony; and it does not appear that there was other testimony. From the meagre statement in the case, and from the elaborate argument, the defendant's whole reliance was on the competency of the testimony of Rice to prove a deficiency of ammonia and the noxious character of it, and thereby defeat a recovery.

We are not concerned with the grounds upon which the Court excluded the testimony of Rice. We need not, therefore, go into the interesting questions made by the appellant's argument.

There was no testimony to show that the one pound analyzed by the witness, Rice, was taken out of the fertilizer sold by the plaintiff to the defendant. And, had the testimony been admitted, it would only have tended to show that out of 32 tons of fertilizer one pound of it fell short of the ammonia contracted for by only an inconsiderable amount. There is nothing in Rice's testimony which tends to show that the ammonia present was noxious.

We are, therefore, of the opinion that the exclusion of the testimony worked no hurt to the appellant, and for that reason the judgment is affirmed. The exception of the

plaintiff to Judge Townsend's interlocutory order thus becomes of no consequence.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE HYDRICK did not take part in the decision of this case.